UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

DERRICK LEE SMITH,

                      Petitioner,              Case No. 2:26-cv-93

v.                                             Hon. Hala Y. Jarbou

SEAN JOHN COMBS et al.

                      Respondents.
_____/

## **OPINION**

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254.[1]

Petitioner Derrick Lee Smith, a frequent filer in the federal courts of Michigan, is incarcerated

with the Michigan Department of Corrections (MDOC) at the Chippewa Correctional Facility

(URF) in Kincheloe, Chippewa County, Michigan. Promptly after the filing of a petition for habeas

corpus, the Court must undertake a preliminary review of the petition to determine whether "it

plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not

entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243.

If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th

Cir. 1970) (discussing that a district court has the duty to "screen out" petitions that lack merit on

their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims,

---

[1] Petitioner clearly presents his claims to this Court as a "PETITION FOR WRIT OF HABEAS CORPUS" even though his requests for an award of damages and his self-designation as "Plaintiff" suggest that he is, instead, bringing some other form of civil suit. (Pet., ECF No. 1, PageID.1.) Because Petitioner presents his claims in the form of a habeas petition and because he also seeks "RELEASE FROM THE STATE PRISON SYSTEM," (*id*.)—relief that is available only through a petition for writ of habeas corpus—the Court will consider Petitioner's request as he presented it. That approach is consistent with the Supreme Court's recent reinforcement of the party-presentation principle which cautions against a court deciding a case different from the one that the party advanced. *Margolin v. Nat'l Assoc. of Immigration Judges*, 146 S.Ct. 1285, 1288 (2026).

as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436–37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because it is legally frivolous.

## I.      Petitioner's Convictions and Sentences

Petitioner Smith is serving multiple sentences imposed in separate criminal proceedings in the Wayne County Circuit Court in 1998, 2008, and 2019. MDOC's Offender Tracking Information System (OTIS) indicates that Petitioner is serving the following terms of imprisonment: four concurrent sentences of 17 years, 6 months to 35 years for four counts of first-degree criminal sexual conduct (CSC I), imposed on May 2, 2019; eight concurrent sentences of 22 years, 6 months to 75 years for six counts of CSC I and two counts of kidnapping, imposed on October 29, 2008; and two concurrent sentences of 6 to 15 years for two counts of third-degree criminal sexual conduct, imposed on May 26, 1998. *See* OTIS, https://mdocweb.state.mi.us/otis2/Search (enter Offender Number "267009," select "Search," select Offender Number "267009") (last visited June 9, 2026).

## II.      Petitioner's Fails to State a Valid Claim for Relief Under § 2254

As a person detained pursuant to the judgments of state courts, Petitioner is compelled to seek habeas relief under 28 U.S.C. § 2254. *See Heck v. Humphrey*, 512 U.S. 477, 478 (1994) (noting that "*Preiser v. Rodriguez*, 411 U.S. 475 (1973) . . . held that habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release . . . ."); *Greene v. Tenn. Dep't of Corr.*, 265 F.3d 369, 371 (6th Cir. 2001) (quoting and agreeing with the following statement from *Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir. 2000): "§ 2254 [is] the exclusive vehicle for prisoners in custody pursuant to a state court judgment who wish to challenge anything affecting that custody"). Pursuit of release by way

of a § 2254 habeas petition limits the available relief and the party or parties from whom the relief may be sought. Petitioner has ignored those limits.

In *Preiser v. Rodriguez*, 411 U.S. 475 (1973), the Supreme Court explained that, "[i]n the case of a damages claim, habeas corpus is not an appropriate or available federal remedy." *Id*. at 494. Petitioner's claims for damages are, therefore, appropriately dismissed without prejudice because that relief is not available.

In *Roman v. Ashcroft*, 340 F.3d 314 (6th Cir. 2003), the Sixth Circuit Court of Appeals explained to whom a writ of habeas corpus should be directed:

> A district court shall direct a writ of habeas corpus "to the person having custody of the person detained." 28 U.S.C. § 2243; *see Braden v. 30th Judicial Circuit Ct. of Ky.*, 410 U.S. 484, 494–95 (1973) ("The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody."). Therefore, a court has jurisdiction over a habeas corpus petition only if it has personal jurisdiction over the petitioner's custodian. *Braden*, 410 U.S. at 495. To evaluate jurisdiction, a court therefore must first identify the petitioner's custodian and then determine whether it has personal jurisdiction over that custodian.
>
> "Historically, the question of who is 'the custodian,' and therefore the appropriate respondent in a habeas suit, depends primarily on who has power over the petitioner and . . . on the convenience of the parties and the court." *Henderson v. INS*, 157 F.3d 106, 122 (2d Cir.1998), *cert. denied*, 526 U.S. 1004 (1999). As a general rule, a petitioner should name as a respondent to his habeas corpus petition "the individual having day-to-day control over the facility in which [the alien] is being detained." *Vasquez v. Reno*, 233 F.3d 688, 696 (1st Cir.2000), *cert. denied*, 534 U.S. 816 (2001). This is known as the "immediate custodian rule" because it recognizes only the petitioner's "immediate" or "direct" custodian as the "person having custody" over him under § 2243. Courts have deemed these immediate custodians proper respondents to habeas corpus petitions as a "practical" matter "based on common sense administration of justice." *Sanders v. Bennett*, 148 F.2d 19, 20 (D.C.Cir.1945).
>
> Pursuant to the immediate custodian rule, a prisoner filing a habeas corpus petition should generally name as a respondent the warden of the prison where he is confined. *Vasquez*, 233 F.3d at 691.

*Roman*, 340 F.3d at 319–320 (footnote and parallel citations omitted).

Petitioner names as opposing parties private attorneys, an entertainer, and various entities and individuals connected to the entertainer. Petitioner does not allege any facts that support an inference that one or more of these persons or entities are his custodians. Accordingly, Petitioner has not stated a proper claim for habeas corpus relief against any of them.

Because Petitioner may not obtain damages under § 2254 and may not obtain any § 2254 relief from the named respondents, his claims are legally frivolous and must be dismissed.

### III.    Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists of reason could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

4

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability. Moreover, for the same reason the Court concludes that Petitioner has failed to demonstrate that he is entitled to any remedy under § 2254 against the named respondents, the Court also concludes that any issue Petitioner might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

### Conclusion

The Court will enter a judgment dismissing the petition and an order denying a certificate of appealability.

Dated: June 10, 2026                                   /s/ Hala Y. Jarbou
                                                        HALA Y. JARBOU
                                                        CHIEF UNITED STATES DISTRICT JUDGE